UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIRLEY JACKSON                                    CIVIL ACTION

VERSUS                                             NUMBER: 06-0533

JOHNNIE JONES, WARDEN                              SECTION: "S"(6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, and for the following reasons, it is HEREBY RECOMMENDED that petitioner's application for federal habeas corpus relief be DISMISSED WITH PREJUDICE as untimely. Alternatively, the application should be dismissed without prejudice for failure to exhaust.

Petitioner Jackson is a state prisoner who is presently incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. On September 22, 1998, Jackson was charged by Bill of Information with one count of distribution of cocaine,

a violation of LSA-R.S. 40:967(A).  The petitioner was arraigned on October 14, 1998, and she entered a plea of not guilty.  On January 7, 1999, Jackson withdrew her original plea, and entered a plea of guilty as charged.  Jackson was sentenced to five years at hard labor with credit for time served.[1]

The State filed a *Multiple Bill of Information* charging Jackson as a Second Felony Offender on January 14, 1999.  On this same day, petitioner pled guilty to the *Multiple Bill of Information*, and the court sentenced her to 15 years at hard labor with credit for time served.[2]  At this point, Jackson had five legal working days to file a notice of appeal, but failed to do so.[3]  Accordingly, Jackson's conviction in case No. 98-5788  became final on January 21, 1999.[4]

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

---

[1]*See* State Rec. Vol. 1, Minute Entry dated 1/07/99, Case No. 98-5788, 24th Judicial District Court, Parish of Jefferson, Louisiana.

[2]*See* State Rec. Vol. 1, Waiver of Rights Form on Multiple Bill; Minute entry dated 1/14/99; and, Transcript of Proceedings dated 1/14/99.

[3]La.C.Cr.P. art. 914, at the time of Jackson's conviction, read as follows:

**Art. 914. Method and time of appeal**

A.  A motion for an appeal may be made orally in open court or by filing a written motion with the clerk.  The motion shall be entered in the minutes of the court.
B.  The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.

[4]*See* State Rec. Vol. 1.

a petitioner has one year within which to bring her habeas corpus claims pursuant to 28 U.S.C. § 2254. This one year period commences to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[5] *See* 28 U.S.C. § 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. This one-year prescriptive period, however, is tolled during the time a properly filed application for State post-conviction or other collateral review is pending. *See* 28 U.S.C. § 2244(d)(2).

The State correctly contends that Jackson's one-year prescriptive period commenced to run on January 21, 1999, or five legal working days after she pled guilty. Jackson did not file any appeal in state court, which would have extended the commencement date of her federal limitations period. Thus Jackson had until January 21, 2000 to file either her federal habeas application or a post-conviction pleading sufficient to toll the limitations period. However, the only state pleadings which Jackson filed after her conviction were three motions to correct an illegal sentence, with one filing occurring on August 20, 2001, a second occurring on November 18, 2002, and a third filed on May 12, 2004.[6] All three of these motions were filed too late to toll the federal limitations period as they were filed after the one year limitations period had already expired.

---

[5]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

[6]Each of these motions and the decisions denying each motion can be found in State Rec. Vol. 1.

Petitioner filed a federal habeas petition on January 23, 2006, or approximately seven years after her state conviction became final and six years since the time her federal limitations period had expired.  According to 28 U.S.C. 2244(d)(1), this petition is untimely filed.  Thus, the instant action is clearly time-barred from federal habeas review unless there is a valid basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001) (*quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Clearly, in the instant matter, Jackson was not diligent  in her pursuit of habeas corpus relief. If she had diligently and timely sought state post-conviction relief, thereby tolling prescription, she could have timely filed a federal habeas corpus petition.  Petitioner's action or, more precisely, inaction, can hardly be characterized as diligent.

Alternatively, Jackson's federal petition is subject to dismissal since she has failed to exhaust her claims.  The AEDPA requires that a petitioner "exhaust the remedies available"

4

in the state courts before a federal court can grant *habeas corpus* relief.  *See* 28 U.S.C. § 2254(b)(1)(A).  AEDPA's exhaustion requirement is satisfied when "the substance of a federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  "Such presentment can take place via direct appeal *or* state habeas proceedings." *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (citing *Orman v. Cain*, 228 F.3d 616, 620 (5 Cir. 2000)) (emphasis added).  The "fairly presented" requirement is satisfied when petitioner's federal application contains the "substantial equivalent" of the claim presented to the state court. *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971).  Jackson did not seek an appeal of her conviction or sentence, nor did she timely seek state post-conviction relief.  Thus, federal habeas relief is unavailable as Jackson has failed to exhaust the state remedies available.[7]

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Shirley Jackson, be **DENIED WITH PREJUDICE** as untimely. Alternatively, the application should be **DENIED WITHOUT PREJUDICE** for failure to exhaust state remedies.

A party's failure to file written objections to the proposed findings, conclusions,

---

[7]*See* April 6, 2006 letter, verified by the Clerk of Court for the Louisiana Supreme Court, indicating that no writ applications were ever filed by Jackson with the highest state court.  State Rec. Vol. 1.

and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __20th__ day of _____October_____, 2006.


LOUIS MOORE, JR.
United States Magistrate Judge